UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>    Plaintiff,<br><br>  v.<br><br>E.L. HERITAGE INN OF SACRAMENTO, LLC,<br><br>    Defendant. | No.  2:20-cv-02191-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

Orlando Garcia ("Plaintiff") filed two suits against Heritage Inn of Sacramento ("Defendant") under the ADA and Unruh Civil Rights Act regarding the lack of information about accessible rooms on two of their hotel's websites.  First Am. Compl. in 20-cv-02162, ECF No. 6; First Am. Compl. in 20-cv-02191, ECF No.6. Defendant moved to dismiss both actions for failure to state a claim.  Def.'s Mot. to Dismiss in 20-cv-02162, ECF No. 11; Def.'s Mot. to Dismiss in 20-cv-02191, ECF No. 10.  On March 23, 2021, the Court granted Defendant's Motion to Dismiss in Garcia v. E.L. Heritage Inn of Sacramento, LCC, 20-cv-02162-JAM-DB (E.D. Cal. March 30, 2021).  For the same reasons the Court detailed at the

1

1 hearing in the prior Garcia case, Defendant's Motion to Dismiss
2 in this case is GRANTED.[1]

3    Based on the allegations in Plaintiff's complaints and
4 judicially noticeable documents[2], the description and level of
5 detail provided on Defendant's website are sufficient to comply
6 with the ADA.  Hr'g Tr., ECF No. 20 at *14, Garcia v. E.L.
7 Heritage Inn of Sacramento, LCC, 20-cv-02162-JAM-DB (E.D. Cal.
8 March 30, 2021).  While, as Plaintiff points out, the website in
9 this case differs from that in the previous case, it does so only
10 slightly, and the Court still finds it sufficient to comply with
11 28 C.F.R. 36.302(e)(iii).  The website states the hotel has
12 wheelchair accessible rooms available and that the elevators,
13 registration desk, exercise facility, business center, pool, and
14 two meeting rooms are "accessible."  Def.'s Request for Judicial
15 Notice ("RJN"), ECF No. 10-2 Ex. 1.  The site also notes that
16 accessible self-parking is available, van accessible self-parking
17 is available, that there is ramp access to the property, closed-
18 captioned TV, telephones with Amplifier or TDD, a visual alarm in
19 guest rooms and communication kits with visual alarms.  Id.  The
20 site also includes a list of hotel areas with accessible routes

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for March 23, 2021.  Defendant's counsel, however, failed to appear and the Court took the Motion under submission.
[2] Defendant has requested the Court take judicial notice of copies of certain portions of the hotel's website.  Def.'s Req. for Judicial Notice, ECF No. 10-2.  Plaintiff did not object. See Opp'n, ECF No. 15 at 2.  Websites and their contents are proper subjects of judicial notice.  Threshold Enter. Ltd. v. Pressed Juicery, Inc., 445 F.Supp.3d 139, 146 (N.D. Cal. 2020). Accordingly, the Court will take judicial notice of these documents.

from the accessible public entrance which are: the registration desk, ADA compliant guest rooms and access routes, meeting rooms, business center, exercise facility, and the pool. Id. Additionally, when one goes to select a specific room the website specifies the type of room and unique features. Id. at Ex. 2. For example, a king bed option states: "One bedroom suite with a king bed. Bathroom features a shower stall with no curb where an individual can roll a wheelchair all the way into the shower and maneuver in the space." Id. The site also includes a photograph of the bathroom. Id.

As the Court in Garcia v. Gateway Hotel explained, the 2010 DOG ADAAG guidance on 28 C.F.R. 36.302(e)(iii) "recognizes that a reservations system is not intended to be an accessibility survey and because of the wide variations in the level of accessibility that travelers will encounter . . . it may be sufficient to specify that the hotel is accessible and to provide basic facts about each accessible room. That is exactly what Defendant does here." Garcia v. Gateway Hotel L.P., No. CV2010752PAGJSX, 2021 WL 936176, at *4 (C.D. Cal. Feb 25, 2021). While Plaintiff argues that claiming something is accessible is a conclusion or opinion, "the term 'accessible' is specifically defined in the ADAAG to describe a site, building, facility, or portion thereof that complies with these guidelines" so the use of the "term 'accessible' is not merely conclusory, it means that the features" comply with the ADAAG. Id.

Because Defendant's website complies with the ADA and Plaintiff's Unruh Act claim is premised on an ADA violation, both claims are DISMISSED. These claims are DISMISSED WITH PREJUDICE

1  as the Court finds amendment would be futile given the judicially
2  noticed documents demonstrate Defendant's website complies with
3  the ADA.  See Garcia v. Gateway Hotel, 2021 WL 936176 at *5
4  (finding future amendment would be futile as Plaintiff's own FAC
5  and the judicially noticed documents demonstrated Defendant's
6  website complied with the ADA).
7       IT IS SO ORDERED.
8  Dated: April 2, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4